UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SAUL QUIJANO GALDAMEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALFORNIA CITY DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-01828-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3) |

On March 6, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) In addition, that same day petitioner filed a motion to appoint counsel (Doc. No. 2) and a motion for temporary restraining order (Doc. No. 3). Also on March 6, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov.

/////

1

21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release. (Doc. No. 5.)

On March 10, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 7.) Respondent concedes therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina*.[1] (*Id.* at 1.) Respondent also states that they do not oppose converting petitioner's motion for temporary restraining order to a motion for preliminary injunction. (*Id.* at 1–2.) Moreover, respondent states that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court. (*Id.* at 2.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence that he was taken into immigration custody on August 26, 2025, and since that date has been denied a bond hearing due to a purported lack of jurisdiction. (Doc. No. 1 at 5.)

In opposition to petitioner's motion for temporary restraining order, respondent requests that this court take judicial notice of the exhibits attached to the opposition, which consist of a Form I-213, an ATD violations log, and a RAP sheet. The court will deny respondent's request because the court may only take judicial notice of the existence of these documents, not their contents, and respondent does not argue how the fact of their existence is relevant to the court's resolution of the pending petition. *See Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024) (noting the court cannot take judicial notice of court dockets and filings for the truth of the matter asserted therein); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of the existence of naturalization applications but not their contents).

---

[1] Respondent nevertheless states that petitioner has a criminal record and has not complied with immigration court orders in the past. This court notes that the petitioner in *Ayala Cajina* was pending state criminal charges for driving under the influence of alcohol and driving without a license, but ICE made intervening determinations that he could remain out of custody such that the pending criminal misdemeanor charges did not constitute a change in circumstances justifying his re-detention. 2025 WL 3251083, at *2, 4. In this regard, it is not at all clear that the alleged violations here distinguish this case from *Ayala Cajina* and as noted, respondent does not argue otherwise.

2

1    Because respondent has conceded that this case is not substantively distinct from the
2    court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in
3    that order and finds that petitioner's continued detention violates due process.[2]
4    For the reasons above,
5    1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as
6         follows:
7         a.   Respondent is ORDERED to immediately release petitioner from
8              respondents' custody on the same conditions he was subject to immediately
9              prior to his August 26, 2025 re-detention
10        b.   Respondent is ENJOINED AND RESTRAINED from re-detaining
11             petitioner for any purpose, absent exigent circumstances, without providing
12             petitioner notice and a pre-detention hearing before an immigration judge
13             where respondents will have the burden to demonstrate by clear and
14             convincing evidence that petitioner is a danger to the community or a flight
15             risk;
16   2.   Petitioner's motion to appoint counsel (Doc. No. 2.) is hereby DENIED as having
17        been rendered moot by this order granting him habeas relief;
18   3.   Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby
19        DENIED as also having been rendered moot by this order; and
20   /////
21   /////

---

[2] Nevertheless, the court notes that it is unclear from respondent's the filings whether petitioner may be subject to a final removal order and withholding of removal. To the extent that petitioner is subject to final removal order, the court incorporates herein its reasoning in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025), in which the court addressed the applicable regulations for re-detention of a noncitizen subject to a final removal order, and *Correa-Correa v. Albarran*, No. 1:26-cv-01283-DAD-CKD, 2026 WL 482748 (E.D. Cal. Feb. 20, 2026), in which the court determined respondents' failure to follow their own regulations when re-detaining the petitioner violated due process. Here, nothing in the record before the court suggests that petitioner was given notice of the reason for his re-detention or an informal interview to contest any proffered justification, as is required by the applicable regulations. (*See* Doc. No. 7-1 at 1–4.)

3

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**March 11, 2026**__ 　　　　　　　*Dale A. Drozd*
　　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE